IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| WARREN LEE ALMQUIST, an individual d/b/a ALMQUIST Architecture </br></br>Plaintiff, </br></br>vs. </br></br>U-HAUL OF TENNESSEE, d/b/a U-Haul of Knoxville and </br>Meridian Architecture, PLLC and </br>DAVID BROWN, an individual and </br>ALEX RUIZ, an Individual </br></br>Defendants. | Case No. 1:25 CV 806 </br></br>Jury trial? NO |

COMPLAINT

JURISDICTION AND VENUE

1.) The court has jurisdiction over the lawsuit pursuant under 28 U.S.C. §1332 since the parties are citizens and entities of different states and the matter in controversy exceeds the sum or value of $75,000. Exclusive of interest and costs.

PLAINTIFF

2.) WARREN LEE ALMQUIST is an adult resident citizen of the Commonwealth of Virginia.

1800 Diagonal Rd.
Suite 600 PMB 1075
City of Alexandria
Alexandria VA  22314
703-836-3275

Hereafter referred to as Almquist ("Almquist")

1

## DEFENDANTS

3.) U-HAUL OF KNOXVILLE is a Professional Limited Liability Corporation under the laws of the State of Tennessee and has its principal place of business in Tennessee.

3699 Alcoa Hwy
KNOX County
Alcoa TN 37701
(865) 238-0881

4.) U-HAUL CO. OF TENNESSEE is a Tennessee Domestic For-Profit Corporation under the laws of the State of Tennessee and has its principal place of business in Tennessee

121 Moving Center Court
DAVIDSON County
Madison, Tennessee 37115
(615) 868-5081


   Defendants listed above hereafter collectively known as U-HAUL ("U-HAUL")

5.) Meridian Architecture, PLLC is a Professional Limited Liability Corporation under the laws of the State of Tennessee and has its principal place of business in Tennessee
429 Parrish Hill
Apartment 109
DAVIDSON County
Mt. Juliet TN 37122-4547

   Hereafter referred to as Meridian ("Meridian")


6.) DAVID BROWN, a citizen of the State of Tennessee
429 Parrish Hill
Apartment 109
DAVIDSON County
Mt. Juliet TN 37122-4547

   Hereafter referred to as Brown ("Brown")


7.) ALEX RUIZ, a citizen of the State of Tennessee
429 Parrish Hill
DAVIDSON County
Mt. Juliet TN 37122-4547

   Hereafter referred to as Ruiz ("Ruiz")

## FACTUAL ALLEGATIONS

8.) Two of the parties involved in this case, specifically U-HAUL International and Almquist established a relationship over ten years ago wherein Almquist provided architectural services for numerous self-storage facilities operated by U-HAUL throughout the United States.

9.) That David Brown and Alex Ruiz caused Meridian Architecture, PLLC to be formed and both benefited financially from its existence and operation.

10.) At all times material here to the Defendants conducted business in Knox County and Nashville, Tennessee including but not limited to the development, design, and construction of a self-storage facility.

11.) In October 2020 Almquist was contacted by Mr. Richard Collins, ("Collins") a project manager with U-HAUL to provide architectural services for the project known as U-Haul of Clinton Hwy. to be located at 4717 Clinton Hwy., Knoxville, Tennessee.

12.) U-HAUL and Almquist entered into an agreement for architectural services at the stated location. Almquist presented Collins with a proposal that was signed by Collins and dated November 10, 2020. A copy of the agreement is listed as Exhibit

3

13.) Following the execution of the agreement Almquist provided his architectural services for all aspects of the project. Floor plans, elevations, sections and details were prepared and created by Almquist. The initial contract fee was $95,600.00 payable as follows:

| | |
|---|---|
| Initial retainer: | $15,000.00 |
| Construction Documents at 50% complete: | $32,800.00 |
| Construction Documents at 90% complete | $38,240.00 |
| Issuance of Building Permit: | <u>$9,560.00</u> |
| TOTAL: | $95,600.00 |

14.) On or about April 16, 2021 U-Haul requested that Almquist amend the structural design and provided Almquist with a Change order in the amount of $37,100.00, Thus changing the contract sum to $132,700.00.

15.) In accordance with the agreement Almquist sent progress invoices to U-HAUL and was paid. On July 13, 2021 Almquist sent an invoice indicating the drawings were 100% complete. U-Haul paid the invoice on or about August 24, 2021

16.) Not included in the Agreement but as an additional service and at the request of U-Haul Almquist applied for a building permit from Knox County Tennessee.

17.) On July 14, 2021 Almquist submitted the plans to Knox County for building plan permit review. The services rendered were additional services and outside the scope and delivery dates of the original contract.

18.) That Knox County, Tennessee requires an agent be listed with the application. Almquist listed himself as agent and was the only one who could act as an agent for U-HAUL to Knox County, Tennessee for the building plan submission.

19.) Almquist monitored the building plan review and addressed comments posed by the building plan reviewers from Knox County, Tennessee.

20.) Suddenly and wrongly U-HAUL removed Almquist as its representative to Knox County Plan Review. Such actions impaired and further halted Almquist's ability to provide his services.

21.) The wrongful action of removing Almquist from the building plan review process made it impossible for Almquist to complete his building plan review services, effectively halting the plan review process.

22.) Due to the inability of Almquist to complete his services Almquist notified U-HAUL that he was temporarily suspending his service and asked to be released from his contractual obligations. U-HAUL never replied to this request.

23.) On or about March 6, 2023 U-Haul retained Meridian Architecture to provide architectural services for the exact same project for which Almquist had already completed architectural services.

## COUNT ONE-BREACH OF CONTRACT
## U-HAUL

24.) That Almquist adopts and realleges paragraphs 1 through 23 of this Complaint. This is an action for breach of contract.

25.) Almquist entered into a contract dated to provide architectural services for the "U-Haul Moving and Storage at Clinton Hwy" located in Knox County, Tennessee

26.) Following execution of the agreement Almquist provided the required architectural design services to the satisfaction of U-HAUL

27.) On or about Almquist applied for a building permit on behalf of U-HAUL in Knox County Tennessee.

28.) Almquist was established as the representative for the project as requested by Knoxville plan review department

29.) Almquist monitored the building plan review and addressed comments posed by the building plan reviewers from Knoxville Plan Review

30.) Boldly and wrongly Defendant U-HAUL removed Almquist as its representative to the Knoxville Building Plan review branch. Such actions impaired and further halted Almquist's ability to provide his services.

31.) On March 6, 2023 Almquist presented an invoice to U-HAUL for his services in the amount of $9,560.00 this invoice remains unpaid

32.) On or About March 6, 2023 U-HAUL retained the architectural firm of Meridian Architecture, PLLC to provide Architectural services for the same building known as the "U-Haul Moving and Storage at Clinton Hwy" located in Knox County, Tennessee.

33.) The wrongful action of removing Almquist from the building plan review process made it impossible for Almquist to complete his building plan review services, effectively halting the

plan review process. Such actions constitutes a material breach of the Agreement between U-HAUL and Almquist.

34.) WHEREFORE, Almquist demands judgment against U-HAUL for $150,000.00 in compensatory damages and $300,000.00 for punitive damages under the agreement, interest, costs and any other relief as this Court may deem appropriate

## COUNT TWO-BREACH OF CONTRACT
## U-HAUL

35.) That Almquist adopts and realleges paragraphs 1 through 34 of this Complaint This is an action for breach of contract.

36.) On or About March 6, 2023 U-HAUL retained the architectural firm of Meridian Architecture to provide Architectural services for the same building known as the "U-Haul Moving and Storage at Clinton Hwy" located in Knox County, Tennessee.

37.) U-HAUL's contract with Meridian Architecture was done without Almquist's knowledge or consent. Almquist's contract with U-HAUL was still in effect.

38.) The wrongful action of retaining Meridian Architecture constitutes a material breach of the Agreement between U-HAUL and Almquist. Due in part to the material breach of the Agreement between U-HAUL and for other legal or factual reasons U-HAUL had no further right to use Almquist's copyrighted instruments of service for construction of the self-storage facility known as the "U-Haul Moving and Storage at Clinton Hwy" located in Knox County, Tennessee

39.) Almquist performed all terms and conditions required to be performed under the contract until it was materially breached by Meridian. Meridian's subsequent and illegal use of

7

Almquist's copyrighted materials in order to initiate and proceed with construction of a self-storage facility known as the "U-Haul Moving and Storage at Clinton Hwy" located in Knox County, Tennessee is also considered conversion and a continuing breach of contract between U-HAUL and Almquist.

40.) WHEREFORE, Plaintiff Almquist demands judgment against Defendant U-Haul and Meridian Architecture for $150,000.00 in compensatory damages and $300,000.00 for punitive damages under the agreement, interest, costs and any other relief as this Court may deem appropriate

## COUNT THREE – UNJUST ENRICHMeNT
### Meridian Architecture, PLLC David Brown and Alex Ruiz

41.) The Plaintiff adopts and reallege paragraphs 1 through 40 of this Complaint. This is an action for unjust enrichment.

42.) Plaintiff Almquist did not supply any of the architectural and other professional services, labor and expenses gratuitously to its client, and further defendants Meridian Architecture, PLLC, David Brown and Alex Ruiz had knowledge of this fact.

43.) That Meridian Architecture, PLLC, Brown and Ruiz utilized Almquist's original design and completed architectural services for their own benefit and were unjustly enriched by collecting fees from U-HAUL in the amount of $243,881.00.

44.) WHEREFORE, Plaintiff Almquist demands judgment against Meridian Architecture, PLLC Brown and Ruiz for its unjust enrichment. Almquist demands compensatory damages in the

amount $243,881.00 and punitive damages in the amount of $243,881.00 as well as any other relief as this Court may deem appropriate

## COUNT FOUR -TORTIOUS INTERFERENCE WITH CONTRACT
### (Meridian Architecture, PLLC David Brown and Alex Ruiz)

45.) That Almquist adopts and alleges paragraphs 1 through 44 of this Complaint. This is an action for tortious interference with a contract.

46.) On or About March 6, 2023 U-HAUL retained the architectural firm of Meridian Architecture, PLLC to provide Architectural services for the same building known as the "U-Haul Moving and Storage at Clinton Hwy" located in Knox County, Tennessee.

47.) U-HAUL's contract with Meridian was done without Almquist's knowledge or consent. Almquist's contract with U-HAUL was still in effect.

48.) At all times material, Defendants Meridian, Brown and Ruiz were aware of the architectural design services, both before and after provided by Almquist to U-HAUL

49.) The wrongful action of retaining Meridian constitutes a tortious interference of the Agreement between U-Haul and Almquist. Due in part to the tortious interference of the Agreement between U-HAUL and for other legal or factual reasons U-HAUL had no further right to use Almquist's copyrighted instruments of service for construction of the self-storage facility known as the "U-Haul Moving and Storage at Clinton Hwy" located in Knox County, Tennessee

50.) Because of the wrongful actions by U-HAUL to impair and prevent Almquist to complete the performance of his contract, resulting in direct financial harm to him and causing other damages, to include the wrongful conversion of his intellectual property, drawings and Instruments of Service

51.) WHEREFORE, Almquist demands judgment against Meridian, Brown and Ruiz for compensatory and punitive damages associated with the tortious interference with the above-mentioned contract and the subsequent conversion of architectural and professional services. Almquist demands $243,881.00 in compensatory damages and $243,881.00 in punitive damages as well as court costs, and for any other relief as the Court may deem appropriate.

## COUNT FIVE – CONVERSION
### (Meridian Architecture, PLLC David Brown and Alex Ruiz)

52.) The Plaintiff Almquist adopts and alleges paragraphs 1 through 51 of this Complaint. This is an action for conversion.

53.) At all times material, Meridian, Brown and Ruiz were aware of Almquist's position that, due to the material breach of the contract between Almquist and U-HAUL defendants had no right to use Almquist's original completed work and copyrighted instruments of service and design concepts.

54.) The aforementioned intellectual property and work product of Almquist has been wrongfully used by Meridian, Brown and Ruiz to benefit them. The actions of these defendants amount to conversion of Almquist's property, tangible and intangible, resulting in the deprivation of valuable property and causing Almquist to suffer damage.

55.) WHEREFORE, Almquist demands judgment against defendants Meridian, Brown and Ruiz for its conversion of Almquist's completed work. Almquist demands $125,000.00 compensatory damage and $125,000.00 punitive damage associated with the above-mentioned architectural and professional services and copyrighted material, Court costs, and for any other relief as the Court may deem appropriate.

### Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify that to the best of my knowledge, Information and belief that this complaint (1) is not being used for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: 05/09/2025

Signature of Plaintiff: _____

Printed name of Plaintiff: WARREN LEE ALMQUIST