IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WARREN ALMQUIST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-806 (RDA/IDD) |
| | ) |
| U-HAUL CO. OF TENNESSEE, *et al.* | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant U-Haul Co. of Tennessee ("U-Haul"), Defendants Abrams Group Construction and William S. Abrams II ("Abrams"), and Defendants Meridian Architecture, David Brown, and Alex Ruiz's ("Meridian") Motions to Dismiss (Dkts. 7, 13, 21, 32). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been briefed and is now ripe for disposition. Considering the Motions together with the Amended Complaint (Dkt. 3), Defendants' Memoranda in Support of their Motions to Dismiss (Dkt. 8, 14, 22, 33), Plaintiff's Opposition to the Motions to Dismiss (Dkt. 30, 43, 44), and Defendant U-Haul's Reply (Dkt. 46) this Court GRANTS Defendants' Motions to Dismiss for the reasons that follow.[1]

---

[1] There are also a number of pending motions relating to discovery that are impacted by this Court's disposition of the Motions to Dismiss. The Court addresses the impact this Court's decision has on those other motions *infra*.

1

## I.   BACKGROUND

### A.   Factual Background[2]

*Pro se* Plaintiff Warren Almquist, a Virginia resident, brings claims against U-Haul for breach of contract and against U-Haul and the Abrams Defendants for constructive fraud.  Dkt. 3.  Plaintiff also brings a claim against Meridian for unjust enrichment, tortious interference with contract, and conversion.  *Id.*  Defendants are residents of Tennessee or Florida.[3]

Plaintiff states that U-Haul and Plaintiff established a business relationship over ten years ago wherein Plaintiff provided architectural services for numerous self-storage facilities operated by U-Haul throughout the United States.  *Id.* ¶ 10.  On November 10, 2020, Plaintiff and U-Haul entered into an agreement for architectural services at 4717 Clinton Hwy. Knoxville, Tennessee.  *Id.* ¶¶ 14, 15.  Following the execution of the agreement, Plaintiff provided his architectural services for all aspects of the project including floor plans, elevations, sections and details.  *Id.* ¶ 16.  The initial contract fee was $95,600.00, but on or about April 16, 2021, U-Haul requested that Plaintiff amend the structural design and provided Plaintiff with a change order in the amount of $37,100.00 which changed the contract sum to $ 132,700.00.  *Id.* ¶ 17.  On July 13, 2021, Plaintiff sent an invoice indicating that the drawings were 100% complete, and, on or about August 24, 2021, U-Haul paid the invoice.  *Id.* ¶ 18.

Plaintiff states that, although not included in the agreement, he, Plaintiff applied for a building permit from Knox County, Tennessee as an additional service at the request of U-Haul.  *Id.* ¶ 19.  In that application, Plaintiff listed himself as agent for U-Haul such that he was the only

---

[2] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Amended Complaint as true, as it must at the motion-to-dismiss stage.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] Specifically, Defendants U-Haul, Meridian, Brown, and Ruiz are residents of Tennessee and Defendants Abrams Group and William S. Abrams, II are residents of Florida.

one who could act as an agent for the building plan submission. *Id.* ¶ 21. Plaintiff alleges that U-Haul later removed Plaintiff as its representative to Knox County Plan Review which impaired and halted Plaintiff's ability to provide his services. *Id.* ¶ 23. Plaintiff further asserts that, due to his inability to complete his services, he notified U-Haul that he was temporarily suspending his service and asked to be released from his contractual obligations. *Id.* ¶ 25. Plaintiff states that U-Haul never replied to this request and that, on or about March 6, 2023, U-Haul retained Meridian to provide architectural services for the exact same project for which Plaintiff had already completed architectural services. *Id.* ¶ 26.

Plaintiff seeks damages against U-Haul of $100,000 in compensatory damages and $300,000 in punitive damages. *Id.* ¶ 37. Further, Plaintiff seeks $243,881.00 in compensatory damages and $243,881.00 in punitive damages from Meridian for unjust enrichment and seeks the same for tortious interference with contract. *Id.* ¶¶ 47, 54. Plaintiff seeks an additional $125,000 in compensatory damages and $125,000 in punitive damages from Meridian for conversion. *Id.* ¶ 58. For its constructive fraud claim against U-Haul and the Abrams Defendants, Plaintiff seeks $283,333.65 in compensatory damages and $283,333.65 in punitive damages. *Id.* ¶ 68.

B. Procedural Background

Plaintiff filed his initial Complaint on May 9, 2025. Dkt. 1. On May 29, 2025, Plaintiff filed an Amended Complaint. Dkt. 3. On July 23, 2025, U-Haul filed a Motion to Dismiss for Lack of Jurisdiction (the "U-Haul MTD"). Dkt. 7. On July 24, this Court issued a *Roseboro* Notice to Plaintiff, notifying him of the U-Haul MTD and advising him to file a response within 21 days. Dkt. 10. On July 28, 2025, the Abrams Defendants filed a Motion to Dismiss (the "Abrams MTD"). Dkt. 13. On August 8, 2025, Plaintiff filed an unopposed Motion for Extension of Time to file Response to U-Haul's MTD, and, on August 12, 2025, the Motion was granted. Dkts. 24, 26. That same day, he Meridian and David Brown then filed a Motion to Dismiss

("Meridian MTD") on August 11, 2025, and a Supplemental Motion to Dismiss on December 16, 2025. Dkts. 21, 32. On February 17, 2026, Plaintiff filed an Opposition to the Abrams MTD and a Response to U-Haul's MTD. Dkts. 43, 44. On February 27, 2026, U-Haul filed a Reply. Dkt. 46.

Plaintiff has also filed a series of discovery requests on the docket. *See, e.g.,* Dkts. 35-37. In response, Defendants filed motions to stay. Dkts. 38, 41.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a case for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When resolving a Rule 12(b)(2) motion, a court undertakes a two-step analysis. First, a court looks to whether personal jurisdiction is authorized by state law. *Mitrano v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004). Second, a court determines whether the exercise of personal jurisdiction comports with the constitutional requirements of due process. *Id.* Virginia's long-arm statute extends personal jurisdiction to the constitutionally permissible limits of the Due Process Clause of the Fourteenth Amendment. *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). Accordingly, "the statutory inquiry merges with the constitutional inquiry." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009).

As to each defendant, a court must find sufficient "minimum contacts [with the state] . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("The requirements of *International Shoe*, however, must be met as to each defendant over whom a state court exercises jurisdiction."). That inquiry involves exploring whether general or specific personal jurisdiction exists over any non-resident defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

When determining whether there is personal jurisdiction over a case, a district court "must accept as true the uncontroverted factual allegations in the plaintiff's complaint." *Mattiaccio v. Cantu Apiaries of Fla., LLC*, 2022 WL 1597826, at *3 (E.D. Va. May 19, 2022) (quoting *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013)).  When a court does not conduct an evidentiary hearing on personal jurisdiction, a case may be dismissed for lack of personal jurisdiction if the plaintiff has failed to make a *prima facie* showing.  *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016).  If a *prima facie* showing is made, the defendant must "present a compelling case that the presence of some other considerations would render jurisdiction [so] unreasonable," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985), as to "offend traditional notions of fair play and substantial justice," *Int'l Shoe*, 326 U.S. at 316.  In evaluating the parties' requisite burdens, a court may rely on "motion papers, supporting legal memoranda, [ ] the allegations in the complaint," *Consulting Eng'rs*, 561 F.3d at 276, and "the contents of affidavits and any other relevant matter submitted by the parties to assist it in determining the jurisdictional facts," 5B Alan Wright & Arthur Miller, Fed. P. & Proc. § 1351, at 305 (3d ed. 2004); *see also In re Polyester Staple Antitrust Litig.*, 2008 WL 906331, at *7 (W.D.N.C. Apr. 1, 2008) (explaining that, in determining whether a plaintiff has made a *prima facie* showing, "the court 'may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts'" (quoting *Reese Bros. v. U.S. Postal Serv.*, 477 F. Supp. 2d 31, 36-37 (D.D.C. 2007))).

## III.  ANALYSIS

U-Haul, Meridian, and Brown move this Court to dismiss the instant action for (1) lack of personal jurisdiction and (2) failure to state a claim in the Amended Complaint.  Dkts. 8, 22.  The Abrams Defendants move this Court to dismiss the action for (1) lack of personal jurisdiction, (2) improper venue, and (3) failure to state a claim.  Dkt. 14.  Because the Court finds that it lacks

personal jurisdiction over the Defendants, the Court need not address the merits of the Motions to Dismiss.

The Court first considers whether Plaintiff has made a *prima facie* showing of personal jurisdiction over Defendants. Courts have categorized personal jurisdiction in two ways: specific and general. A court may exercise general jurisdiction over a non-resident defendant for non-forum related activities when that defendant's operations in the state are "so substantial" and so "'continuous and systemic' as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Int'l Shoe*, 326 U.S. at 318; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction for individuals is generally limited to those states where the individual is domiciled, while general jurisdiction over corporations is limited to "an equivalent place," such as the corporation's place of incorporation or principal place of business. *Daimler AG*, 571 U.S. at 136 (quoting *Goodyear*, 564 U.S. at 919).

Meanwhile, specific jurisdiction permits a court to exercise personal jurisdiction over a non-resident defendant where the litigation arises out of or relates to the nonresident defendant's contacts with the forum. *Heathmount A.E. Corp. v. Technodome.com*, 106 F. Supp. 2d 860, 865 (E.D. Va. 2000). To satisfy due process in the exercise of specific jurisdiction, a court must find "that the defendant purposefully directed his activities at residents of the forum thereby availing himself of the privilege of conducting activities therein and invoking the benefits and protections of the forum's laws." *Id.* (citing *Burger King Corp.*, 471 U.S. at 472). "As a corollary to this 'purposeful availment' requirement, courts" also "consider whether the . . . nonresident defendant could reasonably have" foreseen "being haled into court in the forum state." *Id.* (citing *Burger King Corp.*, 471 U.S. at 474).

The Court considers each category of personal jurisdiction in turn.

### A. General Jurisdiction

Defendants correctly assert and Plaintiff concedes that this Court lacks general jurisdiction because Plaintiff's Amended Complaint fails to establish that any Defendants are "at home" in Virginia. Dkts. 8 at 5, 30 at 2. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home," such as the corporation's place of incorporation and the principal place of business. *Goodyear*, 564 U.S. at 924; *see also Medmarc Cas. Ins. Co. v. GD Grp. USA Co.*, 669 F. Supp. 3d 555, at 562 (E.D. Va. 2023). Here, Plaintiff fails to allege that any of the individual Defendants are domiciled, incorporated or have their principal place of business in Virginia. Instead, the Amended Complaint lists Defendants as residents of either Tennessee or of Florida. Dkt. 3 at 2. Plaintiff alleges no other jurisdictional facts. Accordingly, there is no general personal jurisdiction over Defendants in this District.

### B. Specific Jurisdiction

Defendants also argue that Plaintiff cannot establish specific personal jurisdiction because Plaintiff has not shown that Defendants have had sufficient contact with the forum state. Dkts. 8 at 6, 14 at 11, 22 at 9. The exercise of specific jurisdiction requires that the litigation arises out of or relates to the nonresident defendant's contacts with the forum. *Heathmount*, 106 F. Supp. 2d at 865. Here, the litigation arises out of conduct that occurred in Tennessee – not Virginia.

The performance of the contract, Plaintiff's position as agent, the permits, and the plans all relate to events in Tennessee. As Plaintiff states in his Amended Complaint, the agreed construction project was to be completed in Knoxville, Tennessee. Dkt. 3 at 4. The building permit that Plaintiff applied for was in Knoxville, Tennessee. *Id.* at 5. Further, Plaintiff applied to be listed as an agent for the permit in Knoxville, Tennessee and was also removed there. *Id.* Meridian took over the same project in Tennessee. *Id.* at 6. The Abrams Defendants were retained

7

by U-Haul to construct the facility in Tennessee. *Id.* at 12. Indeed, Plaintiff specifically alleges: "At all times material here to the Defendants conducted business in Knox County and Nashville, Tennessee including but not limited to the development, design, and construction of a self-storage facility." *Id.* at 3, Thus, Plaintiffs' claims arose out of conduct in Tennessee – not Virginia – and this Court lacks specific personal jurisdiction over the Defendants.

Seeking to avoid this conclusion, Plaintiff first argues that U-Haul transacted business in Virginia by entering into a contract with Plaintiff, a Virginia resident. Dkt. 30 at 3. Further, Plaintiff argues that U-Haul knew or should have known that Plaintiff performed substantial work from Virginia, including design, revisions, and communications. *Id.* Plaintiff also argues that U-Haul's directed emails, phone calls, and payments to Plaintiff in Virginia over several months qualifies as contacts that satisfy Virginia's long-arm statute. *Id.* But these arguments are insufficient to satisfy the requirements of Virginia's long-arm statute and fail with respect to U-Haul. As courts routinely recognize, merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 268 (2017) ("The bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the State."). Indeed, as the Supreme Court has held, a contract with a resident of a forum state does not automatically constitute sufficient contacts to support the exercise of specific jurisdiction, *even when* the dispute arises from the contract. *See Burger King*, 471 U.S. at 478. Such a contract must have a substantial connection with the state so that the nature and quality of a defendant's relationship to the forum "can in no sense be viewed as random, fortuitous, or attenuated." *Id.* at 480 (internal quotations omitted). Likewise, communications regarding the contract or the mailing of payments to Virginia are insufficient to establish specific personal jurisdiction. *See Le Bleu Corp. v. Standard Cap. Grp., Inc.*, 11 F. App'x 377, 380 (4th Cir. 2001) (affirming dismissal for

lack of personal jurisdiction and recognizing "[a] contract with a resident of a forum state does not automatically constitute sufficient contacts to support the forum's assertion of specific jurisdiction, even where the dispute arises from the contract."). Nothing about the contract itself or the performance of the contract relates to Virginia.  Viewed in such a light it is simply "random, fortuitous, or attenuated," that Plaintiff resides in Virginia, where the specifics of the contract relate to Tennessee.

Plaintiff similarly argues that this Court has personal jurisdiction over the Abrams Defendants because "the invoices sent by Abrams to Plaintiff at his Virginia address constitute a transaction of business with a Virginia resident. Dkt. 43 at 3.  Plaintiff further argues that the act of demanding payment, communicating fraudulent representations, and causing injury within Virginia satisfies the statutory inquiry.  *Id.*  As noted *supra*, the Fourth Circuit similar arguments. *See* Le Bleu Corp., 11 F. App'x at 380 (4th Cir. 2001).  Moreover, applying these principles, district courts within the Fourth Circuit have held that "mere communications sent from outside the forum do not establish presence in that jurisdiction." *Atlantic Corporation of Wilmington, Inc. v. TBG Tech Co., LLC*, 565 F. Supp. 3d 748, 764 (E.D.N.C. 2021) (citing *Szulik v. TAG V.I., Inc.*, 783 F. Supp. 2d 792, 796 (E.D.N.C. 2011); *see Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 137 (4th Cir. 1996); *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1198–1200 (4th Cir. 1993); *Chung v. NANA Dev. Corp.*, 783 F.2d 1124, 1126–30 (4th Cir. 1986); *Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc.*, 239 F.2d 502, 504–08 (4th Cir. 1956); *cf. Craig v. Gen. Fin. Corp. of Ill.*, 504 F. Supp. 1033, 1039 (D. Md. 1980)).  Moreover, Plaintiff alleges that the Abrams Defendants were invoicing *U-Haul* – neither of which has any relation to Virginia.  Dkt. 3 at 12.  Accordingly, Plaintiff's arguments regarding mailings and fraudulent invoices by the Abrams Defendants are not well taken and fail to establish specific personal jurisdiction.

Plaintiff did not file responsive pleading to the Meridian MTD.  Nonetheless, evaluating

9

Meridian's arguments on their own, the Court also finds that since Meridian is also a party registered in Tennessee, with no offices, employees, agents, real property, or personal property in Virginia, there is no specific personal jurisdiction over Meridian in Virginia. *See* Dkt. 22 at 9. Plaintiff has not alleged any specific contacts Meridian has made in Virginia, and Meridian asserts that it has not engaged in any conduct or act within the Commonwealth. *Id.* at 11. Indeed, Plaintiff's primary factual allegation with respect to Meridian is that it was retained by U-Haul to perform work related to the project *in Tennessee*. Dkt. 3 at 6. Accordingly, the Court also lacks specific personal jurisdiction over Meridian.

\* \* \*

In sum, the Amended Complaint must be dismissed because this Court cannot exercise general or specific personal jurisdiction over Defendants.[4] The dismissal will be without prejudice, however, to permit Plaintiff to file in a proper forum.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' Motions to Dismiss (Dkts. 7, 13, 21, 32) are GRANTED and the Amended Complaint (Dkt. 9) is DISMISSED WITHOUT PREJUDICE; and it is

---

[4] Defendants also seek dismissal of the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). However, because this Court concludes that it lacks personal jurisdiction over Defendants, the Court will not address the request to dismiss the Amended Complaint for failure to state a claim or for improper venue. *Levi*, 2017 WL 1227933, at \*7 ("Without jurisdiction to hale them into court in Virginia, the Court cannot evaluate the issues . . . raised in the [defendants'] Motion to Dismiss for Failure to State a Claim.").

FURTHER ORDERED that U-Haul's Joint Motion for Protective Order and to Stay Discovery (Dkt. 38) and Joint Motion to Stay Discovery (Dkt. 41) are DENIED as MOOT;[5] and it is

FURTHER ORDERED that Plaintiff's Request for Entry of Default as to David Brown (Dkt. 19) is DENIED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendant. The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
March 4, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[5] In any event, the Court notes that discovery does not begin, until the Court issues a Scheduling Order.